FILED

2004 JAN 22  A 10: 57

US DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTV, Inc. ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 303cv916 AVC |
| ) | |
| vs. ) | RULE 26(f) REPORT OF THE PARTIES' |
| George Lynch ) | PLANNING MEETING |
| ) | |
| Defendant ) | |

## RULE 26(f) REPORT OF THE PARTIES' PLANNING MEETING

Date Complaint Filed: 05/23/2003

Date Complaint Served: 7/27/03

Date of Defendant's Appearance: 10/2/03

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiff's counsel called Pro Se Defendant but did not receive response. Thereafter this week Plaintiff's counsel submitted a written proposal to the Defendant but again there was no response. Accordingly, there has been no conference and this document represents the Plaintiff's written proposal as made to the Pro Se Defendant. It does not contain any input from the Pro Se Defendant.

## I. CERTIFICATION

Undersigned counsel for Plaintiff certifies that, he has yet been unable to confer with the Pro Se Defendant .

## II.     Jurisdiction.

A.      Subject Matter Jurisdiction:

Federal Question Jurisdiction exists pursuant to 28 U.S.C. § 1331.

B.      Personal Jurisdiction: Defendant acknowledges that he is a resident of Connecticut.

## III.    Brief Description of the Case.

A.      Claims of Plaintiff:

Plaintiff alleges that Defendant used and/or distributed or modified two (2) devices, referred to as an emulator and an unlooper. These devices were specifically designed for utilization in the unauthorized interception of the Plaintiffs telecommunications signals. The use of these devices to intercept the Plaintiffs telecommunications signals violates Title 47 U.S.C. section 605 and Title 18 U.S.C. section 2520. Distributing these devices violates provisions of title 47 U.S.C. section 605.

The Plaintiff's allegations are based upon the evidence that the Defendant purchased said devices on March 21, 2001. From the purchase of the descrambling device:

1. The Court Can logically infer the devices were used and/or distributed in violation of the Federal law; or

2. The Court must find there is a rebuttable presumption that the device was used and/or distributed in violation of the Federal law. See *Community Television Sys. Inc. v. Caruso* 284 F. 3d 430 2002 (2d Cir. 2002).

Plaintiff is seeking:

1 Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $10,000.00 for each device distributed or for each so-called "access card" which was modified and/or then distributed after being modified were utilized in conjunction with the devices;

2 Statutory damages pursuant to Title 47 U.S.C. §605 with a *minimum* of $1,000.00, *tripled* pursuant to Connecticut General

Statute 52—564, for the Defendant's unauthorized interception of signal;

3  Statutory damages pursuant to Title 18 U.S.C. section 2520 of the greater of $10,000.00 or $100.00 per day of unauthorized interception, *tripled* pursuant to Connecticut General Statute 52—564;

4  The Plaintiff attorney's fees pursuant to either Title 18 U.S.C. section 2520 or Title 47 U.S.C. §605

B.  Defenses and Claims of Defendant: The Defendant:

## IV.  Statement of Undisputed Facts.

None.

## V.  Case Management Plan.

A.  *Standing Order on Scheduling in Civil Cases.*

The Plaintiff requests a modification of the deadlines in the Standing Order as follows:

That Paragraph 2(d) be modified so as to require that all discovery be completed by May 6, 2004.

That Paragraph 2(e) be modified so as to require that all motions for summary judgment be filed by June 6, 2004.

B.   *Scheduling Conference with the Court.*

The Plaintiff requests a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The Plaintiff prefers a conference by telephone.

C.   *Early Settlement Conference.*

1. The Plaintiff requests that it has considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The Plaintiff requests an early settlement conference.

3. The Plaintiff prefers a settlement conference with a Federal Judge or a magistrate judge or a Para judicial officer or a special master.

4. The Plaintiff requests a referral for alternative dispute resolution pursuant to C. Conn. L. Civ. R. 16. Although, Plaintiff is uncertain whether Defendant will assent to said referral.

D.   Joinder of Parties and Amendment of Pleadings.

       1.       The parties are allowed until June 6, 2004 to file motions to join additional parties, and until May 6, 2004 to file motions to amend the pleadings.

   E.    *Discovery.*

          1.  The plaintiff anticipates discovery will be needed on the following subjects: Information related to Defendants' purchase, use, distribution, sales and manufacture/alteration of devices to intercept plaintiff's television programming without authorization by or payment to plaintiff.

          2.  The Defendant anticipates discovery will be needed on the following subjects:

       3.       All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) may be commenced forthwith and will be completed by May 6, 2004.

       4.       Discovery will not be conducted in phases.

       5.       Discovery on issues for early discovery will be completed by _____N/A_____.

6.     The Plaintiff anticipates that it will require a possibility of 7 depositions of fact witnesses (depending upon the ultimate disposition of the emulators). The depositions will be completed by May 6, 2004.

7.     The parties may serve more than twenty-five (25) interrogatories.

8.     The plaintiff intends to call one expert witness at trial (with the understanding that certain of the Plaintiff's fact witnesses might be qualified as experts). The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 6, 2004. Depositions of any such experts will be completed by May 6, 2004.

9.     Should the Defendant decide to use an expert the Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(s)(2) by April 6, 2004. Depositions of any such experts will be completed by May 6, 2003.

10.    Any party who has a claim or counterclaim for damages will provide a damage analysis on or before January 6, 2004.

F.    *Dispositive Motions.*

Dispositive motions will be filed on or before July 6, 2004.

G.  *Joint Trial Memorandum.*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by August 6, 2004.

**VII.  Trial Readiness.**

The case will be ready for trial sixty (60) days after the filing of a joint trial memorandum.

As an officer of the Court, undersigned counsel for the Plaintiff agrees to cooperate with the undersigned pro se Defendant to promote the just, speedy and inexpensive determination of this action.

1/9/04
Date

John M. McLaughlin (CT16988)
**Mailing Address for Requested Service of All Papers**
MCLAUGHLIN SACKS, LLC
31 Trumbull Road
Northampton, MA 01060
(413) 586-0865

Local Address Pursuant to
D. Conn. L. Civ. R. 2(c):
Palumbo, Palumbo & Carrington, P.C.
193 Grand Street
P.O. Box 2518
Waterbury, CT  06732-2518

**CERTIFICATE OF SERVICE**

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the __9__ day of __Jan__, 2004, a copy of the foregoing was mailed first class to:

George Lynch
85 Rising Trail Drive
Middletown, CT 06457

_____
John M. McLaughlin, Esq.